# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Angela S. Nix, ) | CASE NO: 6:09-CV-2336-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| Tanger Properties Limited Partnership ) | |
| and Steven B. Tanger, as trustee of the ) | |
| Tanger GP Trust, ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff would show unto the Court as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Angela S. Nix is a citizen and resident of the County of Greenville, State of South Carolina.

2.     On information and belief, Defendant Tanger Properties Limited Partnership ("Tanger Properties") is a limited partnership duly organized and existing under the laws of the State of North Carolina, its principal place of business is in the State of North Carolina and, therefore, this Defendant is a citizen of the State of North Carolina.

3.     On information and belief, Defendant Steven B. Tanger, as trustee of the Tanger GP Trust, is a citizen of the State of North Carolina. On information and belief, Tanger GP Trust is organized and existing under the laws of the State of Maryland.

4.     On information and belief, Defendant Tanger Properties did business in South Carolina at the times complained of herein and continues to do business in this

1

State at the time of the commencement of this action. On information and belief, Tanger GP Trust is the sole general partner of Defendant Tanger Properties.

5.  This Court has jurisdiction over the parties as well as the subject matter of this action pursuant to 28 U.S.C. §1332(a) since there exists a complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy in this action exceeds the sum of $75,000 (Seventy-Five Thousand Dollars).

## FACTUAL ALLEGATIONS

6.  On or about October 19, 2008, Angela Nix was shopping at the Tanger Outlets at Five Oaks in Sevierville, Tennessee.

7.  Tanger Outlets at Five Oaks in Sevierville, Tennessee is owned, operated and/or managed by Defendants.

8.  Angela Nix, as a result of a congenital birth defect known as osteogenesis imperfecta (i.e., brittle bone disease), is wheelchair bound and was utilizing her wheelchair at all times relevant to this action.

9.  Among the many stores that Angela Nix sought to visit and shop in on Defendants' premises was a store known as Journeys. The only walkway by which an individual who is physically handicapped and wheelchair bound can access Journeys is a walkway proceeding from the parking lot in front of Journeys toward its entrance. The walkway adjacent to and adjoining the stores is blocked to someone who is physically handicapped and wheelchair bound on both the left and the right by staircases. As result of the obstructions caused by the staircases, Angela Nix had no alternative but to travel along the walkway adjoining the parking lot and proceeding toward the entrance of Journeys.

10. The walkway on which Angela Nix proceeded as she sought to enter and shop in Journeys was separated from the walkway adjoining Journeys by a row of decorative bricks. Unbeknownst to Angela Nix, there existed a substantial deviation in the elevation between the row of decorative bricks and the walkway on which she was traveling, the row of decorative bricks being higher in elevation than the walkway.

11. The aforementioned deviation in elevation was concealed from the general public, including Angela Nix, as the appearance of the face of the decorative bricks and the top of the decorative bricks were identical and there were no markings or other warnings to the general public, including Angela Nix, of a change in elevation.

12. Angela Nix proceeded along the aforementioned walkway towards the entrance of Journeys, on the right-hand side of the walkway, following the flow of pedestrian traffic.

13. Angela Nix's wheelchair, upon reaching with the elevated decorative bricks, without notice or warning, came to an abrupt stop, catapulted her forward and sent her crashing down onto the cement pathway adjoining Journeys just beyond the row of decorative bricks. Angela Nix suffered severe, permanent personal injuries.

**FIRST CAUSE OF ACTION**
**(Negligence)**

14. The allegations of the preceding paragraphs are incorporated herein by reference.

15. At the time of her injuries, Angela Nix was a business invitee of Defendants.

16. Defendants, as owners and/or occupiers of the premises on which Angela Nix was injured, owed the general public, including Angela Nix, a duty to exercise

3

reasonable care, including the responsibilities to remove or warn against latent or hidden dangerous conditions on the premises.

17. The injuries sustained by Angela Nix on Defendants' premises on October 19, 2008 were the direct and proximate result of Defendants' negligence, gross negligence, willfulness, wantonness, and recklessness in one or more of the following particulars:

- A. In creating a hazardous condition caused by the deviation in elevation between the walkway upon Angela Nix was traveling and the row of decorative bricks which she encountered.

- B. In permitting a dangerous and defective condition to exist when Defendants knew, or through the exercise of reasonable care, should have known, of the deviation in the elevation between the walkway upon which Angela Nix was traveling and the row of decorative bricks which she encountered.

- C. In failing to warn the public, including Angela Nix, of the dangers created by the deviation in elevation between the walkway upon which Angela Nix was traveling and the row of decorative bricks which she encountered.

- D. In failing to adopt policies and procedures for: the inspection of the premises; the identification of hazardous conditions thereon; and the correction of hazardous conditions thereon, including, without limitation, the deviation in elevation between the walkway upon which Angela Nix was traveling and the row of decorative bricks which she encountered.

- E. In failing to follow Defendants' own policies and procedures regarding the inspection of premises for the identification and correction of hazardous conditions including the deviation in elevation between the walkway upon which Angela Nix was traveling and the row of decorative bricks which she encountered.

- F. In failing to routinely inspect, maintain and repair the walkways upon which the general public would travel, including Angela Nix.

- G. In failing to correct the deviation in elevation between the walkway upon which Angela Nix was traveling and the row of decorative bricks which she encountered.

- H. In failing to comply with applicable code including, without limitation, the *Tennessee Public Buildings Accessibility Act, the North Carolina*

>  *Handicapped Code*, as applicable, *the Uniform Federal Accessibility Standards,* and/or *The Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities.*
>
> I. In failing to erect barriers to warn the general public, including Angela Nix, of the hazardous condition created by the deviation in elevation.
>
> J. In failing to maintain the area in a reasonably safe condition.
>
> K. In failing to exercise due care under the circumstances existing at the place in time of Angela Nix's injuries.

All of which constitute violations of the common and statutory laws of the State of Tennessee and/or applicable federal law.

18. As a direct and proximate result of Defendants' negligence, gross negligence, willfulness, wantonness and recklessness, Plaintiff suffered severe, permanent personal injury, including numerous broken bones and permanent impairments to one or more extremities. Plaintiff's damages include, but are not limited to, the following:

    A. Doctor's bills, past and future;
    B. Medication expenses, past and future;
    C. Temporary total disability;
    D. Permanent partial disability;
    E. Pain and suffering, past and future;
    F. Loss of enjoyment of life, past and future;
    G. Interference with normal activities, past and future;
    H. Permanent disfigurement and scarring; and
    I. Mental and emotional anguish and suffering, past and future.

all in an amount to be determined by a jury upon the trial of this case.

19. Plaintiff is entitled to an award of actual and punitive damages against Defendants, all in an amount to be determined by a jury upon the trial of this case.

## FOR A SECOND CAUSE OF ACTION
### (Negligence *Per Se*)

20. The allegations of the preceding paragraphs are incorporated herein by reference.

21. In 1970, the Tennessee Legislature enacted the *Tennessee Public Buildings Accessibility Act*, currently codified at *Tenn. Code Ann.* § 68-120-201 (the "Act").

22. The Act expressly states that it is "the policy of the state of Tennessee to make all public buildings accessible to and functional for persons who are physically handicapped." *(Tenn. Code Ann.*, § 68-120-202)

23. Angela Nix is "physically handicapped" as that phrase is defined in the Act.

24. Defendants' premises at Tanger Outlet at Five Oaks in Sevierville, Tennessee are "public buildings" as defined in the Act.

25. The deviation in the elevation between the walkway on which Angela Nix was traveling and the row of decorative bricks was in direct violation of the *Tennessee Public Buildings Accessibility Act*, and the applicable standards adopted pursuant thereto.

26. Angela Nix was and is within the class of persons intended to benefit from or be protected by the Act.

27. Angela Nix's injuries as alleged hereinabove, was the direct and proximate results of Defendants' gross violation of the Act.

28. Plaintiff's damages include, but are not limited to, the following:

A. Doctor's bills, past and future;
B. Medication expenses, past and future;

  C. Temporary total disability;
  D. Permanent partial disability;
  E. Pain and suffering, past and future;
  F. Loss of enjoyment of life, past and future;
  G. Interference with normal activities, past and future;
  H. Permanent disfigurement and scarring; and
  I. Mental and emotional anguish and suffering, past and future.

all in an amount to be determined by a jury upon the trial of this case.

 WHEREFORE, Plaintiff prays for an award of actual and punitive damages, against Defendants in an amount to be determine by a jury upon the trial of this case and for such other and further relief is permitted by law.

 s/ S. Brook Fowler
S. Brook Fowler (Federal ID No. 6014)
CARTER, SMITH, MERRIAM, ROGERS
& TRAXLER, P.A.
PO Box 10828, Greenville, SC 29603
Phone: (864) 242-3566
Fax: (864) 232-1558
E-mail: brook.fowler@carterlawpa.com
Attorney for Plaintiff

Greenville, South Carolina

September 2, 2009

Pursuant to Rule 38, *FRCP*, Plaintiff, by and through her undersigned attorney, demands a trial by a jury.

 s/ S. Brook Fowler
S. Brook Fowler (Federal ID No. 6014)